**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANTHONY MCGILL,<br><br>                Plaintiff,<br><br>    v.<br><br>SHEREKA SHACKLEFORD<br><br>                Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 26-3646 (KMW-EAP)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Anthony McGill's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application (ECF No. 1-2), Plaintiff declares that he has a monthly income of $4,127.00 from Retirement and Income from Real Property, and has approximately $5,529.00 in expenses per month in expenses. (IFP Application ¶¶ 1, 5, 8). Plaintiff asserts that he does not have a spouse to contribute to income or share in expenses, and he has two dependents. (IFP Application ¶¶ 1, 7); and

**WHEREAS**, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [he] is unable to pay the costs of [his] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that because Plaintiff's monthly expenses exceed his income, Plaintiff has demonstrated that he cannot pay the costs of litigation, and thus the Court **GRANTS** the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must *sua sponte* review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane* v. *Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224,228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265,286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly,* 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff's Count I, intrusion-upon-seclusion, fails to state a plausible claim for relief. Under New Jersey law,[1] intrusion upon seclusion requires an intentional intrusion, physical or otherwise, upon the solitude or seclusion of another or his private affairs, where the intrusion would be highly offensive to a reasonable person. *Kinsella v. Welch,* 362 N.J. Super. 143, 156, 827 A.2d 325, 332 (App. Div. 2003). Although Plaintiff alleges that Defendant obtained his confidential employment records without authorization, the Complaint contains no factual allegations describing how Defendant acquired those records. Instead, Plaintiff alleges only that Defendant obtained the records through "unknown means" and that, upon information and belief, Defendant lacked authorization to access them. (Compl. ¶¶ 15–16). These allegations are speculative and do not permit a reasonable inference that Defendant herself committed any wrongful intrusion into Plaintiff's private affairs. The absence of a subpoena, consent form, or other known authorization mechanism does not plausibly establish that Defendant improperly accessed the records, as opposed to receiving them from another source. Because the Complaint offers only conclusory assertions that Defendant "intentionally

---

[1] Plaintiff brings this case pursuant to diversity jurisdiction. Plaintiff alleges that he is a citizen of New Jersey and Defendant is a citizen of Maryland. Plaintiff seeks $5,000,000,000, which, exceeds the minimum required amount in controversy of $75,000. Since Plaintiff has sufficiently plead diversity jurisdiction, the Court applies state law to the state law claims.

3

intruded" upon Plaintiff's privacy without factual allegations supporting the manner or means of the alleged intrusion, Count I fails to satisfy the pleading standards and must be dismissed.

Plaintiff's Count II, public disclosure of private facts, likewise fails to state a claim. To state such a claim under New Jersey law, a plaintiff must plausibly allege that the defendant publicized private information concerning the plaintiff, that the matter publicized would be highly offensive to a reasonable person, and that the information was not of legitimate concern to the public. *Romaine v. Kallinger*, 109 N.J. 282, 295 (1988). Here, Plaintiff alleges that Defendant filed unredacted employment records in a New Jersey family court proceeding and asserts that the records contained sensitive personal information. Although Plaintiff alleges that the filing made the records accessible within the court system and, upon information and belief, available beyond the immediate litigants, he pleads no facts showing that the records were actually available to the general public or that they were viewed by any unauthorized persons. Thus, the Complaint fails to provide any factual allegations whatsoever supporting the elements of publicity.

Nor does the Complaint provide factual support for the assertion that there is no legitimate relationship between the disclosed information and the judicial proceeding. The Complaint does not identify the specific information disclosed, describe the nature of the underlying family-court proceeding, or allege facts demonstrating that the records were unrelated to issues before that court. Instead, Plaintiff merely concludes that the records "were not necessary to any legitimate issue before the court" and that the disclosure exceeded any litigation need. Such conclusory assertions are insufficient to support the inference that there was no legitimate purpose for disclosure. Therefore, Count II fails to state a plausible claim for relief and must be dismissed.

4

Plaintiff's Count III also fails to plausibly state a claim of negligence. To state a claim for negligence, a plaintiff must allege facts showing the existence of a duty of care, a breach of that duty, proximate causation, and resulting damages. *Townsend v. Pierre*, 221 N.J. 36, 51 (2015). Here, Plaintiff alleges in conclusory fashion that Defendant "owed a duty to avoid disclosing confidential personal information without authorization" and breached that duty by filing employment records in a judicial proceeding. However, the Complaint contains no factual allegations establishing the source of any legal duty owed by Defendant to Plaintiff. "Whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 439 (1993). Here, Plaintiff does not allege that Defendant was his employer, fiduciary, agent, records custodian, or otherwise occupied a relationship giving rise to a duty of confidentiality. In fact, the Complaint is wholly devoid of any facts whatsoever that establish the nature of the relationship between Plaintiff and Defendant. Nor does Plaintiff identify any statute, regulation, contract, or common-law principle imposing such a duty on a private individual under the circumstances alleged. Absent factual allegations establishing the existence of a cognizable duty, the Complaint offers only a formulaic recitation of the elements of negligence, which is insufficient to state a claim. Moreover, the conduct alleged throughout the Complaint is intentional in nature. Specifically, the Complaint alleges that Defendant deliberately obtained and filed Plaintiff's records. This intentional framing of the facts further undermines Plaintiff's attempt to recast the same conduct as negligence. Therefore, Count III fails to state a claim upon which relief may be granted and must be dismissed.

5

As to Count IV, breach of privacy-based public policy, New Jersey recognizes privacy rights under two sources: the common law and Article I, Paragraph 1 of the New Jersey Constitution. *Hennessey v. Coastal Eagle Point Oil Co.*, 129 N.J. 81, 94 (1992). However, the common law cause of action for invasion of privacy is carefully bounded. New Jersey follows the Restatement (Second) of Torts in defining four specific privacy torts: (1) intrusion upon seclusion, (2) public disclosure of private facts, (3) false light, and (4) appropriation of name or likeness. *Johnson v. City of Hoboken, 476 N.J.Super.* 361, 373-74 (2023) (quoting *Rumbauskas v. Cantor*, 138 N.J. 173, 180 (1994)). Each tort carries distinct elements that a plaintiff must satisfy. Courts have not collapsed these specific torts into a single, generalized privacy claim, and there is no recognized freestanding cause of action that simply invokes "privacy" as a public policy without tethering that claim to one of these established categories or to a specific statutory right. As such, Count IV does not identify a recognized cause of action under New Jersey law. To the extent plaintiff intends to assert a privacy tort, those theories are separately addressed in Counts I and II. To the extent plaintiff seeks relief for violation of generalized privacy-related public policy, New Jersey does not recognize a freestanding cause of action on that basis. Therefore, Count IV must be dismissed.

Plaintiff's Count V, intentional infliction of emotional distress, fails as well. Under New Jersey law, a plaintiff asserting such a claim must allege facts showing that the defendant acted intentionally or recklessly, that the conduct was so extreme and outrageous as to go beyond all possible bounds of decency, that the conduct proximately caused the plaintiff's injuries, and that the resulting emotional distress was so severe that no reasonable person could be expected to endure it. *Segal v. Lynch*, 413 N.J. Super. 171 (App. Div. 2010) (quoting *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366, 544 A.2d 857, 863 (1988)). Here,

6

Plaintiff alleges that Defendant filed unredacted employment records in a family-court proceeding and characterizes that conduct as "extreme and outrageous." However, the Complaint offers no factual allegations from which the Court could reasonably infer that Defendant's conduct reached that threshold required for liability. Plaintiff does not describe the nature of the underlying proceeding, the specific contents of the records, or circumstances demonstrating that the filing was so atrocious and intolerable as to exceed all bounds of decency. Rather, the allegation that Defendant's conduct was outrageous is simply a legal conclusion that the Court need not accept as true. Additionally, Plaintiff alleges that he suffered anxiety, humiliation, loss of sleep, and psychological harm, but provides no factual allegations regarding the severity, duration, or consequences of those symptoms, nor does he allege facts suggesting distress so severe that no reasonable person could be expected to endure it. Because the Complaint relies primarily on conclusory assertions with respect to both the outrageousness of Defendant's conduct and the severity of Plaintiff's emotional distress, Count V fails to satisfy the pleading standards. Therefore, Count V must be dismissed.

Finally, Plaintiff's Count VI, statutory privacy violation, fails to state a claim upon which relief may be granted. The Complaint alleges that Defendant's conduct contravened privacy principles reflected in the Privacy Act, 5 U.S.C. § 552a(b). However, the Privacy Act governs the collection, maintenance, use, and disclosure of records by federal agencies and provides a cause of action only against such agencies under limited circumstances. *Schaeuble v. Reno*, 87 F. Supp. 2d 383, 391 (D.N.J. 2000). The statute does not create a private right of action against private individuals. *Id.* Here, Plaintiff does not allege that Defendant is a federal agency, federal employee acting in an official capacity, or otherwise subject to the

7

requirements of the Privacy Act. Therefore, Count VI does not state a cognizable legal claim and must be dismissed.

**IT IS HEREBY** on this 9th day of June 2026, **ORDERED**

A. Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. §1915 (ECF No. 1-2) is hereby **GRANTED**.

B. The Complaint (ECF No. 1) shall be filed.

C. Plaintiff's Complaint shall be **DISMISSED WITHOUT PREJUDICE**.

D. Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case.

E. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

8