**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANTHONY MCGILL,

Plaintiff,

v.

SHEREKA SHACKLEFORD,

Defendant.

Case No. 1:26-cv-03646-KMW-EAP

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon a *sua sponte* screening of pro se Plaintiff Anthony McGill ("Plaintiff")'s Amended Complaint (ECF No. 7) pursuant to 28 U.S.C. § 1915(e).

1. On June 9, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint (ECF No. 1) against Shereka Shackleford ("Defendant") without prejudice pursuant to the screening provision in 28 U.S.C. § 1915(e)(2)(B) that accompanies applications to proceed IFP. (ECF No. 6.) The Court gave Plaintiff 30 days to file an amended complaint, which he did.

2. In its prior Memorandum Opinion and Order (ECF No. 6), the Court identified that Plaintiff's Complaint failed to state a claim on which relief may be granted, because the six claims were factually and/or legally deficient.

3. The Court will now screen Plaintiff's Amended Complaint applying the following standards:

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. A complaint must also comply with Federal Rule of Civil Procedure 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

6. In Count I, Plaintiff raises a claim for intrusion upon seclusion. Under New Jersey law, intrusion upon seclusion requires an intentional intrusion, physical or otherwise, upon the solitude or seclusion of another or his private affairs, where the intrusion would be highly offensive to a reasonable person. *Kinsella v. Welch,* 827 A.2d 325, 332 (N.J. Super. Ct. App. Div. 2003). "An actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *O'Donnell v. United States*, 891 F.2d 1079 (3d Cir. 1989). Here, as in the original complaint, although Plaintiff alleges that Defendant obtained his confidential employment, medical, and personnel records without authorization (ECF No. 7 ¶¶ 1-2, ¶¶ 20-23), the Amended Complaint contains no factual allegations describing how Defendant acquired these records, which is fatal to Plaintiff's claim that Defendant committed an intentional intrusion or that such intrusion was highly offensive to a reasonable person. *See Kinsella*; *O'Donnell, supra.* While Plaintiff states that his former employers and agencies logged no requests for his information and asserts that Plaintiff obtained the private information through "unauthorized means," (*Id.* ¶¶ 26-31), that speculative assertion fail to support a reasonable inference that Defendant herself engaged in a wrongful intrusion into Plaintiff's private affairs. Furthermore, the Amended Complaint itself notes that when asked about the source of the documents, Defendant's attorney in the paternity suit stated they were received directly from Plaintiff. (*Id.* ¶ 8, ¶ 37.) There is no basis to infer that Defendant obtained the records through means that would constitute an intrusion upon a recognized privacy interest. Because Plaintiff may be able to cure the identified deficiency, the Court will dismiss this claim **without prejudice**.

7. In Count II, Plaintiff raises a claim for public disclosure of private facts. To state such a claim under New Jersey law, a plaintiff must plausibly allege that the defendant publicized private information concerning the plaintiff, that the matter publicized would be highly offensive to a reasonable person, and that the information was not of legitimate concern to the public. *Romaine v. Kallinger*, 537 A.2d 284, 292

(N.J. 1988). "A plaintiff must show that the facts were disclosed 'to the public at large, or to so many persons that the matter & [is] substantially certain to become one of public knowledge,'" *Johnson v. City of Hoboken*, 299 A.3d 856,863 (N.J. Sup. Ct. App. Div. 2023) (quoting *Castro v. NYT Televisions*, 895 A.2d 1173, 1178 (N.J. Sup. Ct. App. Div. 2006)).

Here, the Amended Complaint suffers from two flaws: one correctable, the other fatal. *First*, the Court questions whether the public disclosure can be attributed to Defendant as opposed to her lawyer. The Amended Complaint states that Defendant "filed or caused to be filed" the records, but notes elsewhere that Defendant was represented by counsel at the time. (ECF No. 7 ¶¶ 32-33, 37). *Cf. West v. Greater All. Fed. Credit Union*, No. BER-L-2910-25, 2026 LEXIS 565461, at *4 (N.J. Sup. Ct. Feb. 2, 2026) (dismissing claim for public disclosure of private facts because attorneys are independent contractors who control their own conduct and clients cannot be held vicariously liable for torts committed by their attorneys). Plaintiff's reference to the fact that attorneys can redact such sensitive information (ECF No. 7 ¶ 39) only reinforces that Defendant's attorney would be responsible for ensuring that sensitive information is filed under seal or with proper redaction.

*Second*, and fatal to his claim, Plaintiff cannot demonstrate public disclosure. Plaintiff alleges that the New Jersey Superior Court retained the records in its file for "approximately six months before Plaintiff obtained access to them." (ECF No. 7 ¶ 38.) However, the Court observes that unlike other civil proceedings, New Jersey child support proceedings are afforded elevated privacy protections. For instance, the New Jersey Rules of Court require the use of initials to refer to the parties and their family members to protect their privacy and preserve the confidentiality of those proceedings. *See* New Jersey Rule of Court 1:38-3(d)(3). Further, the Court takes judicial notice that New Jersey does not provide a searchable database for non-dissolution cases, and its online docket search does not include a dropdown bar for matters classified under the "FD" docket.[1] Even if an individual were to submit a formal court records request, the Rules of Court exempt certain classes of records. *See* R. 1:38-3(d).

Perhaps recognizing that the general public is not afforded unfettered access to these records, Plaintiff contends that his private information was exposed to "court personnel, litigants, and others with access to the record." (ECF No. 7 ¶ 41.) That may be so. But he cannot show that by filing the records, the matter was "substantially certain to become one of public knowledge." *Johnson*, 299 A.3d at 863. *Cf. Mandelbaum v. Arseneault*, No. A-1042-15T4, 2017 WL 4287837, at *1 (N.J. Sup. Ct. App. Div. Sept. 28, 2017) (defense counsel in divorce litigation sent filings from the divorce litigation to the Wall Street Journal resulting in their widespread publication). Because paternity proceedings

---

[1] In the civil cover sheet for the Complaint, Plaintiff identifies the docket number for the referenced paternity case, which contains an FD docket number. (ECF No. 1-1 at 1.)

are afforded elevated privacy, Plaintiff cannot cure this deficiency. Therefore, this claim will be dismissed **with prejudice**.

8. In Count III, Plaintiff raises a claim for intentional infliction of emotional distress ("IIED"). Under New Jersey law, a plaintiff asserting such a claim must allege facts showing that the defendant acted: (1) intentionally or recklessly; (2) that the conduct was so extreme and outrageous as to go beyond all possible bounds of decency, (3) that the conduct proximately caused the plaintiff's injuries, and (4) that the resulting emotional distress was so severe that no reasonable person could be expected to endure it. *Segal v. Lynch*, 993 A.2d 1229, 1239 (N.J. Sup. Ct. App. Div. 2010) (quoting *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988)). In the Court's prior opinion, it identified pleading deficiencies as to the second and fourth elements. Here, Plaintiff's revisions fall short of curing the deficiencies.

As to the first element, absent some non-conclusory allegation for how Defendant obtained the records or whether she even obtained the records, Plaintiff cannot state a claim for IIED related to the intrusion. And as to publication, the Court reiterates the discussion cited in *West* regarding attribution of attorney conduct to a litigant. Even assuming that Defendant played an active role in the publication, as the Court explained in its prior opinion with regard to the second element, Plaintiff does not describe the nature of the filing, the specific contents of the records, or circumstances demonstrating that the filing was so atrocious and intolerable as to exceed all bounds of decency.

As to the fourth element, although slightly more detailed than the allegations in the original complaint (*see* ECF No. 1., describing "persistent anxiety, humiliation and psychological harm exceeding ordinary upset") Plaintiff's assertion that he suffered "severe emotional distress" "including anxiety, humiliation, sleep disturbance, and continuing distress from the loss of privacy and fear of further dissemination" (ECF No. 7 ¶ 71) still fails to rise above garden-variety emotional distress or provide the requisite specificity. *See DeAngelis v. Hill*, 847 A.2d 1261, 1272 (N.J. 2004) (holding that general maladies such as embarrassment, stress, and lost sleep do not rise to the level of severe distress required for the claim); *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 864-65 (N.J. 1988) (noting that a failure to lay out the "length or intensity" of the mental distress hindered the plaintiff's argument that "no reasonable man could be expected to endure" the mental distress). Because these deficiencies may be curable, the dismissal of this claim will be **without prejudice**.

9. In Count IV, Plaintiff asserts a claim for negligence, claiming that Defendant owed a duty to exercise reasonable care in the acquisition, handling, filing, and disclosure of Plaintiff's confidential records. (ECF No. 7 ¶ 74). But Plaintiff did not (and cannot) cure the deficiency identified in the Court's previous Memorandum Opinion and Order. Like the original complaint, the Amended Complaint contains no factual allegations establishing the source of any legal duty owed by Defendant to Plaintiff, nor does Plaintiff identify any statute, regulation, contract, or common-law principle imposing such a duty on a

private individual under the circumstances alleged. Because no such duty exists, this claim will be dismissed **with prejudice.**

10. The Court grants Plaintiff 30 days to file a proposed Second Amended Complaint ("SAC") to cure the deficiencies in the claims dismissed without prejudice. The proposed SAC will be subject to this Court's section 1915 review prior to service. Absent good cause, this will be Plaintiff's final opportunity to submit a proposed complaint that can pass the Court's section 1915 review.

**IT IS** on this **21st** day of **October 2026 ORDERED** that:

1. The Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a second amended complaint by November 20, 2026 addressing the deficiencies outlined above.

2. The Clerk of the Court is directed to close this action and send a copy of this Order to Plaintiff by regular mail.

KAREN M. WILLIAMS
United States District Judge